UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT IDAHOSA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-1084 |
| GOVERNOR BLAGOJEVICH, et al., | ) |
| Defendants. | ) |

**O R D E R**

This matter is now before the Court on several pending Motions to Dismiss. Defendants Rod Blagojevich, Illinois Air National Guard, State of Illinois, 182nd Air Lift Wing, Randal Thomas, Richard Arnold, Sherri Haley, Sandy Cain, and James Shuda (the "State Defendants") have moved to dismiss for failure to state a claim and res judicata. Defendant Vicki Pfeifer ("Pfeifer") has separately moved to dismiss on the same grounds, and Defendants Department of Defense, United States Air Force, Secretary of Defense Donald Rumsfeld, Jeffrey Yemm, and Philip Shelton (the "Federal Defendants") have also filed a separate Motion to Dismiss. For the reasons set forth below, the State Defendants' Motion to Dismiss [#10] is GRANTED, Pfeifer's Motion to Dismiss [#14] is GRANTED, and the Federal Defendants' Motion to Dismiss [#19] is also GRANTED.

**BACKGROUND**

The following facts are taken from the Complaint and are presumed to be true for purposes of resolving a motion to dismiss. Plaintiff, Robert Idahosa ("Idahosa"), is an African American male. Although his country of origin is Nigeria, he is a naturalized American citizen. From April 7, 1995, to January 4, 2001, Idahosa held the rank of Senior Airman with the Alaska Air National Guard and a reserve component of the United States

Air Force. In October 2000, he applied for a transfer because of his spouse's job relocation and was accepted into the Illinois Air National Guard. From January 5, 2001, to February 5, 2004, he was a member of the Illinois Air National Guard, 182nd Air Lift Wing and a reserve component of the United State Air Force, where he also held the rank of Senior Airman and worked part-time in the traffic management office.

Between May 3, 2003, and March 3, 2005, Idahosa filed complaints of racial discrimination and gender discrimination alleging that he was treated less favorably in terms of promotions, education, training, job assignments, and transfers. He alleged that he was constantly humiliated because of his accent and called "dog" or "Kaffir". Idahosa contends that in August 2003, he was recommended for an involuntary discharge based on false charges of fraudulent enlistment in retaliation for his complaints of discrimination. In January 2004, he received a general discharge under honorable conditions for the stated reason of fraudulent enlistment.

In May 2005, Idahosa filed a civil action in this Court alleging employment discrimination pursuant to Title VII. The Complaint was dismissed for failure to state a claim upon which relief could be granted, as the claims asserted were nonjusticiable based on the well-settled law establishing that Title VII does not apply to uniformed members of the military. Bartley v. U.S. Department of Army, 221 F.Supp.2d 934, 942-44 (C.D.Ill. 2002); Randall v. United States, 95 F.3d 339, 3343 (4th Cir. 1996).

On August 2, 2006, Idahosa filed a new Complaint in which he raises many of the same allegations presented in his May 2005 litigation. However, this time he has couched his complaints in terms of the Administrative Procedures Act. Defendants have moved to dismiss the Complaint, and this Order follows.

**STANDARD**

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

**DISCUSSION**

Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief could be granted.  Specifically, they argue that although styled as a "Complaint for Review of Internal Military Affair Decision Under Administrative Proceeding Act," this action is nothing more than a thinly veiled repetition of his previously dismissed Title VII action, as he focuses almost exclusively on his allegations of discrimination rather than making any real effort to demonstrate that the Defendants violated their own mandatory regulations with respect to his discharge.  After careful review of the Complaint and supporting documentation, the Court agrees.

Idahosa vaguely refers to a denial of due process and equal protection and also makes the bald assertion that the Defendants violated their own regulations. However, the only regulations identified appear to be either wholly irrelevant or prohibit discrimination in general. Such general regulations cannot magically transform his Title VII complaints of discrimination into a justiciable claim in federal court. Even the most liberal interpretation of the Complaint does not promote an inference that Idahosa is actually seeking judicial review under the Administrative Procedure Act; rather, he clearly seeks redress for the perceived discrimination against him in his employment and his ultimate discharge from the Illinois Air National Guard. As relief, he seeks an order that Defendants unlawfully discriminated against him on the basis of his race, sex, gender, and national origin, correction of his military records, reinstatement with a promotion, and allowing him to return to being a member of the Illinois National Guard.

As the Court indicated in its prior Order, which is incorporated herein by reference, the Supreme Court has established that uniformed military personnel may not bring suit for claims incident to their military service. Airlift v. Willoughby, 345 U.S. 83, 93-94 (1953); Feres v. United States, 340 U.S. 135, 138 (1950). This is because Congress has established a separate system of justice governing military affairs. "The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments . . . [t]he ultimate responsibility for these decisions is appropriately vested in branches of the government which are periodically subject to electoral accountability." Gilligan v. Morgan, 413 U.S. 1, 10 (1973). The Supreme Court's decision in Chappell v. Wallace, 462 U.S. 296, 303-05 (1983), specifically extended this doctrine of intra-military immunity to constitutional claims arising

out of alleged employment discrimination in connection with military service.  *See also,* Knutson v. Wisconsin Air National Guard, 995 F.2d 765 (7th Cir. 1993) (finding claim for military reinstatement to be nonjusticiable); Bartley v. U.S. Department of the Army, 211 F.Supp.2d 934, 942 (C.D.Ill. 2002).

Idahosa is essentially asking this Court to accept his disagreement with the internal personnel decision made by the Defendants and intrude upon a province that is traditionally committed to military discretion.  Although all avenues of judicial review are not foreclosed to military employees such as Idahosa, his present effort falls short of presenting any justiciable controversy for this Court to resolve.[1]  The Defendants' various Motions to Dismiss are therefore granted.

## CONCLUSION

For the reasons set forth above, the State Defendants' Motion to Dismiss [#10] is GRANTED.  The Federal Defendants' Motion to Dismiss [#19] is GRANTED, and Pfeifer's Motion to Dismiss [#14] is also GRANTED.  This matter is now terminated.

ENTERED this 16th day of May, 2007.

          Michael M. Mihm
          Michael M. Mihm
          United States District Judge

---

[1] The Court would also note that as this Complaint presents claims that are virtually identical in substance to those presented in his prior complaint in Case No. 05-1160, his claims would also appear to be barred by res judicata and/or collateral estoppel.  To the extent that any non-waived justiciable claim could be discerned from the rambling Complaint, it would also appear that the internal investigation into his complaints of discrimination and discharge is still ongoing, making this action alternatively dismissible for failure to exhaust available administrative remedies.